UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 2:18-CV-00523-SPC-MRM

MARASON   QUASHIE,   as   Personal
Representative of the Estate of NORMA
WHITFIELD-QUASHIE, deceased,

        Plaintiff,

vs.

EMIRATES, INC., a foreign corporation,

        Defendant.

_____     /

## DEFENDANT EMIRATES, INC.'S NOTICE OF REMOVAL

Defendant, EMIRATES, INC. ("Emirates"), by and through its undersigned counsel,

and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby gives notice of the removal

to this Court of the case styled *Marason Quashie, as Personal Representative of the Estate of*

*Norma Whitfield-Quashie v. Emirates, Inc.*, filed in the Circuit Court of the Ninth Judicial

Circuit, in and for Orange County, Florida, Case No. 2019-CA-4657-O. As grounds for this

removal Emirates states as follows:

### I.      FACTUAL BACKGROUND

This action arises from an incident that occurred on April 17, 2017, during Emirates

flight EK207 with service from Dubai, United Arab Emirates, to New York, NY, USA. *See*

Compl. ¶¶ 1, 13-17. The Complaint alleges that an hour and a half after take-off, Norma

Whitfield-Quashie experienced signs of a blood clot. *See* Compl. ¶ 15. Mrs. Whitfield-

Quashie was advised to lie on the floor of the aircraft and remained prone for the next eight-plus hours. *Id*. Prior to landing, Mrs. Whitfield-Quashie returned to her seat and died. *See* Compl. ¶ 16.

Plaintiff brought this action against Emirates seeking damages under a treaty of the United States known as the Montreal Convention.[1] *See* Compl. at Count I. Plaintiff filed this action in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2019-CA-4657-O on April 16, 2019. On July 16, 2019, Emirates was served with the Complaint in the state court action. A copy of the Complaint is attached hereto as Composite Exhibit "A."

## II.     STATEMENT OF GROUNDS FOR REMOVAL

Removal is appropriate in "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, removal is appropriate based on this Court's federal question jurisdiction. A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law or the treaties of the United States. *See* 28 U.S.C. § 1441(c)(1)(A). To determine whether the claim arises under federal law, courts typically examine the "well pleaded" allegations of the complaint and ignore potential defenses.  The "'well-pleaded complaint rule'…provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Moran v. American Airlines, Inc*., 2011 WL 13116533 (S.D. Fla. 2011) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

---

[1]     Convention on the Unification of Certain Rules of International Carriage by Air, done at Montreal on 28 May, 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 ("Montreal Convention").

Under that rule, "the plaintiff [is] the master of the claim," and she "may avoid federal jurisdiction by exclusive reliance on state law," even when a federal claim is available. *Id.*

Here, Plaintiff has brought this action solely under the Montreal Convention. *See* Compl. at Count I. Therefore, under the "well-pleaded complaint rule," federal jurisdiction exists because a federal question was presented on the face of the plaintiff's complaint. *See Medina v. Am. Airlines, Inc.*, 2006 WL 3663692 (S.D. Fla. 2006) ("This Court has jurisdiction pursuant to 28 U.S.C. § 1331(a) in that this is a civil action arising under the laws and treaties of the United States, including Warsaw Convention, 49 U.S.C. § 1502 *et seq.*, and all relevant laws applicable thereunder, thereby presenting a 'federal question.' "). Because the Plaintiff has alleged a federal question on the face of his Complaint, the action is removable to federal court under 28 U.S.C. §§ 1331 and 1441.[2]

This case may also be removed based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In order for this Court to have subject matter jurisdiction over this case based on diversity of citizenship, and for Defendant to properly remove the pending State court action to this Court, all of the following conditions must be met: (a) complete diversity of citizenship between the parties, (b) the amount in controversy must be in excess of $75,000, and (c) the notice of removal must comply with the statutory procedures outlined in 28 U.S.C. § 1446.

---

[2]     Under Article 33 of the Montreal Convention, this Court has subject-matter jurisdiction over this action as (a) Plaintiff's final destination was the United States (was traveling round-trip U.S.), (b) the contract of carriage was made in the United States, and (c) Plaintiff maintained her "principal and permanent residence" in the United States and Emirates operates "services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement" in the United States. *See* Compl. ¶ 9.

The parties to this action are Plaintiff, Marason Quashie, as Personal Representative of the Estate of Norma Whitfield-Quashie, and Defendant, Emirates. At all times material, Plaintiff was and is a resident of the State of Florida. *See* Compl. at ¶ 3. At all times material, Emirates was and is a foreign corporation with its place of incorporation and principal place of business in Dubai, UAE. *See* Compl. at ¶ 5. As the Plaintiff is a citizen of the State of Florida and Defendant is a citizen of Dubai, UAE, there is complete diversity of citizenship between the parties.

Defendant, as the moving party, also bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. The amount in controversy is the amount that Plaintiff will put at issue in the course of this litigation, and not the amount Plaintiff will recover. *Pretka v. Kolter City Plaza II*, 608 F. 3d 744, 751-52 (11th Cir. 2010). In his Complaint, Plaintiff seeks to recover an amount in excess of 113,100 Special Drawing Rights (SDR).[3] *See* Compl. at ¶ 28. The exchange rate of SDRs to United States Dollars (USD) is approximately 1 SDR to 1.38 USD (113,100 SDR = 156,078 USD). Thus, Plaintiff has put an amount in controversy that is in excess of the required jurisdictional amount of $75,000. As a result, the action is also removable to federal court under 28 U.S.C. §§ 1332 and 1441.

## III.    PROCEDURAL MATTERS

*Venue*. Venue in this Court is proper pursuant to 28 U.S.C. § 1446(a) because this action is being removed from the state court in which it was originally filed, which is the

---

[3]    A Special Drawing Right, or SDR, is a unit of account created by the International Monetary Fund and calculated daily on the basis of a basket of currencies. *See Norfolk Railway Co. v. Kirby*, 543 U.S. 14, 20n (2004).

Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the District Court of the United States for the district and division in which such action is pending, the Middle District of Florida. *See also* Local Rule 1.02(b)(3).

*Timely.* This Notice of Removal has been timely filed by defendant, Emirates, pursuant to 28 U.S.C. § 1446(b), as it has been filed within thirty (30) days after service of the Complaint on July 16, 2019.

*Pleadings*. A copy of the process, pleadings, and orders served upon Defendants in this action are attached as Composite Exhibit "A."

*Notice to State Court and Plaintiff of Removal.* Emirates will promptly file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the Clerk of the Court for the Ninth Judicial Circuit, in and for Orange County, Florida and will give written notice thereof to all parties. A copy of the Notice of Filing is attached hereto as Exhibit "B." Emirates contemporaneously files its notice of filing of a copy of the state court's record with the Clerk of this Court in compliance with 28 U.S.C. § 1447(b).

*No Waiver*. By filing this Notice of Removal, Defendant does not waive any defenses available to it.

WHEREFORE, Defendant EMIRATES, INC., respectfully requests that the above action now pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange

County, Florida, be removed therefrom to this Honorable Court based on federal question and diversity jurisdiction.

Dated: July 22, 2019        Respectfully submitted,

*/s/ Clayton W. Thornton*
**Clayton W. Thornton**
Fla. Bar No. 105609
E-mail: clayton.thornton@clydeco.us
Secondary e-mail: eservice@clydeco.us
**CLYDE & CO US LLP**
Counsel for Defendant EMIRATES, INC.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-446-2646
Fax: 305-441-2374

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2019, undersigned counsel electronically filed the foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to STEVEN C. MARKS, ESQ., KRISTINA INFANTE, ESQ., Podhurst, Orseck, P.A., Attorneys for Plaintiff, SunTrust International Center, Suite 2300, One S.E. Third Avenue, Miami, Florida 33131 (smarks@podhurst.com; kinfante@podhurst.com; laja@podhurst.com; asanjenis@podhurst.com).

CLYDE & CO US LLP
*Attorneys for Defendant*
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
Tel. (305) 446-2646
Fax. (305) 441-2374

By: */s Clayton W. Thornton*
**CLAYTON W. THORNTON**
Florida Bar No. 105609
Email: clayton.thornton@clydeco.us

# EXHIBIT "A"

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>NINTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u> COUNTY, FLORIDA

MARASON QUASHIE, as Personal
Representative of the Estate of NORMA
WHITFIELD-QUASHIE, deceased,

Plaintiff

        vs.

EMIRATES, INC., a foreign corporation,

Defendant

Case No.:_____
Judge: _____

---

### II.    TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000

- ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**  **REMEDIES SOUGHT** (check all that apply):
    ☒   Monetary;
    ☐   Non-monetary declaratory or injunctive relief;
    ☐   Punitive

**IV.**  **NUMBER OF CAUSES OF ACTION: (    )**
    (Specify)

    1

**V.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐   Yes
    ☒   No

**VI.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒   No
    ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒   Yes
    ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature  s/Kristina M. Infante      FL Bar No.: 112557
    Attorney or party                           (Bar number, if attorney)

    Kristina M. Infante
    (Type or print name)                            4/16/19
                                                Date

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

MARASON QUASHIE, as Personal
Representative of the Estate of NORMA
WHITFIELD-QUASHIE, deceased,

    Plaintiff,

vs.

EMIRATES, INC., a foreign corporation,

    Defendant.

_____/

## <u>COMPLAINT FOR WRONGFUL DEATH</u>

The Plaintiff, MARASON QUASHIE, as Personal Representative of the Estate of NORMA WHITFIELD-QUASHIE, deceased, brings this wrongful death action against EMIRATES, INC., a foreign corporation (hereinafter, "Emirates"), and alleges as follows:

## <u>INTRODUCTION</u>

1.  This is an action for damages, pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, 28 May 1999) (hereinafter, the "Montreal Convention") and all relevant laws applicable or related thereto based on the wrongful death of the Plaintiff, a citizen and resident of the United States, caused by an accident that occurred during Emirates Flight 207 (hereinafter, the "subject flight"), an international carriage operated by Emirates, which had traveled from Dubai, United Arab Emirates, to New York, NY, USA. The Plaintiff intended her final destination to be Miami, Florida.

## THE PARTIES

2.      At all relevant times, the Decedent, NORMA WHITFIELD-QUASHIE was a citizen, national, and resident of the United States. Specifically, she was a resident of the State of Florida. NORMA WHITFIELD-QUASHIE was a passenger onboard Flight EK207.

3.      MARASON QUASHIE is, and at all times material to this Complaint was, NORMA WHITFIELD-QUASHIE's husband and a resident of the State of Florida. Mr. Quashie is in the process of opening an Estate for NORMA WHITFIELD-QUASHIE in Orange County, Florida.

4.      Plaintiff, MARASON QUASHIE, as Personal Representative of the Estate of NORMA WHITFIELD-QUASHIE, deceased, brings this action for his wife's wrongful death, in his representative capacity on behalf of the Estate and on behalf of all potential survivors, including, but not limited to the following:

   a.   Marason Quashie; decedent's husband;

   b.   Miranda Whitfield; daughter;

   c.   The Estate of NORMA WHITFIELD-QUASHIE; and

   d.   All other potential beneficiaries.

5.      At all times material, Defendant, EMIRATES, INC., ("Emirates"), was and is a foreign Corporation with its principal place of business in Dubai, UAE, doing business in Orange County, Florida.

6.      At all relevant times, Emirates has been authorized to do business in the State of Florida or was transacting or conducting business in the State of Florida. Emirate's Registered Agent is CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

## JURISDICTIONAL ALLEGATIONS

7.     This is an action of damages in excess of $15,000, exclusive of interest, costs, and attorneys' fees, and therefore falls within the jurisdictional constraints of this Court. *See* Art. V, § 6(b), Fla. Const., Fla. Stat. § 34.01.

8.     Subject matter jurisdiction is proper in the courts located in this country because this is a wrongful death action arising under the Montreal Convention and its related laws and regulations.

9.     The Montreal Convention grants this Court subject matter jurisdiction over this case because the subject flight was "international carriage" between two "State Parties" under Article 1 of the Montreal Convention, and because:

  a.     Prior to the subject flight, the United States and United Arab Emirates had signed, adopted, and ratified the Montreal Convention.

  b.     At the time of the subject flight, the Plaintiff maintained her "principal and permanent residence," Montreal Convention, Article 33(2), in the United States.

  c.     At the time of the subject flight, Emirates operated, and still operates, "services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement," Montreal Convention, Article 33(2), to locations within the United States, including and within Orange County.

  d.     At the time of the subject flight, Emirates conducted, and still conducts, "its business of carriage of passengers by air from premises" in the United States that were "leased or owned by [Emirates] itself or by another carrier with which [Emirates] ha[d] a commercial agreement," Montreal Convention, Article 33(2).

e.     At the time of the subject flight, Emirates had "a place of business," within the meaning of Article 33 of the Montreal Convention, in the United States, including within Orange County.

f.     The ticket for the subject flight—that is, the contract of carriage—was purchased in the United States.

g.     The final destination of the subject flight was the United States.

10.     This Court has jurisdiction over Emirates pursuant to Florida Statute § 48.193.

11.     Personal jurisdiction is proper in this Court under the Due Process Clause of the U.S. Constitution because Emirates has sufficient minimum contacts with Florida; because Emirates has purposefully availed itself of the privilege of doing business in Florida; or because the exercise of jurisdiction over Emirates would be fair and reasonable.

12.     This action is properly brought pursuant to Florida Statute § 47.051 in Orange County because Emirates, a foreign corporation, does business in the State of Florida and has an agent or other representative in Orange County.

## GENERAL ALLEGATIONS

13.     On April 17, 2017, Emirates was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled flights in an aircraft owned, leased, operated, managed, maintained, and controlled by Swiss Air and its agents and employees.

14.     On April 17, 2017, Emirates owned, operated, maintained, and otherwise controlled the subject flight by and through its agents or employees who were acting within the course and scope of their employment, and was responsible for the subject flight and the actions of its flight crew.

15.     During the subject flight, at approximately an hour and a half after take-off, NORMA WHITFIELD-QUASHIE began to experience signs of a blood clot. A nurse practitioner

onboard the flight tended to her and advised her to lay on the floor on the aircraft and not to move. Mrs. Whitfield-Quashie was stable for the next eight-plus hours of the flight.

16. Then, as the pilot was preparing for landing, he instructed Mrs. Whitfield-Quashie to take a seat. Mrs. Whitfield-Quashie protested, and the nurse practitioner told the pilot that the she should not move because it could be dangerous. But the pilot insisted that Mrs. Whitfield-Quashie move to a seat for landing. Within minutes of taking a seat, NORMA WHITFIELD-QUASHIE died.

17. Consequently, through no fault of her own, Mrs. Whitfield-Quashie was seriously injured, which injuries include, but are not limited to, bodily injury resulting in pain and suffering, disability, medical treatments, and death.

18. As a direct and proximate result of Emirate's negligence and other misconduct, Mrs. Whitfield-Quashie suffered damages, for which Emirates is liable.

19. As a direct and proximate result of Emirates' actions and consequent death of Plaintiff's decedent, the Plaintiff has been damaged pursuant to the Florida Wrongful Death Act and claims all damages to which the Estate, the survivors, and/or beneficiaries may be entitled under applicable law, including but not limited to:

    a. Pain and suffering of the survivors, beneficiaries and heirs of decedent, NORMA WHITFIELD-QUASHIE;

    b. Lost society, companionship, guidance and services of decedent, NORMA WHITFIELD-QUASHIE to his survivors, beneficiaries and heirs;

    c. Loss of support in money or in kind;

    d. Lost net accumulations;

    e. Lost value of life;

    f. Funeral expenses; and/or

g. Any and all other damages to which the survivors, beneficiaries, and/or the Estate of NORMA WHITFIELD-QUASHIE may be entitled to recover under applicable law.

## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

20. The Plaintiff incorporates by reference the allegations in paragraphs 1-19 as if fully set forth herein.

21. On April 17, 2017, Emirates was the carrier of Plaintiff's decedent on board EK207, an international carriage.

22. At the time of the subject flight, there was in force and effect in the United States and United Arab Emirates a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention.

23. At the time of injury, the decedent was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

24. Pursuant to Article 17 of the Montreal Convention, Emirates, as the carrier, is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

25. Under Article 17 of the Montreal Convention, the decedent's death was caused due to the decedent being instructed by Emirates to take a seat against medical advice.

26. Emirate's liability under the Montreal Convention is absolute up to 113,100 Special Drawing Rights (SDR) pursuant to Article 21(1).

27. Pursuant to Article 21(2) of the Montreal Convention, Emirates is liable to the Plaintiff for all personal injury damages exceeding 113,100 Special Drawing Rights (SDR), unless

the carrier proves: (a) the injuries were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries were solely due to the negligence or other wrongful actions or omission of a third party.

28.    The Plaintiff's damages exceed 113,100 Special Drawing Rights (SDR).

29.    At all times material, Emirates was under a duty to use reasonable care and exercise the highest degree of care in the safety of its passengers.

30.    Emirates breached its duty to use reasonable care and exercise the highest degree of care by, among other things:

    a.    failing to exercise reasonable care in the safety of its passengers, specifically the decedent, while tending to her medical condition;

    b.    placing the Plaintiff—while in its control, direction, and instruction—in a position of immediate peril and risk of injury and death;

    c.    failing to ensure that the operators and flight crew of the subject aircraft used reasonable care to ensure the passengers had proper medical care and/or instruction;

    d.    failing to properly train, supervise, and monitor flight crews; or

    e.    otherwise being negligent and legally liable under applicable law.

31.    As a direct and proximate result of Emirates' actions and consequent death of Plaintiff's decedent, the Plaintiff has been damaged pursuant to the Florida Wrongful Death Act and claims all damages to which the Estate, the survivors, and/or beneficiaries may be entitled under applicable law, including but not limited to:

    a.    Pain and suffering of the survivors, beneficiaries and heirs of decedent, NORMA WHITFIELD-QUASHIE;

b.      Lost society, companionship, guidance and services of decedent, NORMA WHITFIELD-QUASHIE to his survivors, beneficiaries and heirs;

c.      Loss of support in money or in kind;

d.      Lost net accumulations;

e.      Lost value of life;

f.      Funeral expenses; and/or

g.      Any and all other damages to which the survivors, beneficiaries, and/or the Estate of NORMA WHITFIELD-QUASHIE may be entitled to recover under applicable law.

WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits of this Court against Emirates for compensatory damages and costs, together with interest and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues triable as of right by a jury.

Dated: April 16, 2019

Respectfully Submitted,

PODHURST, ORSECK, P.A.
SunTrust International Center, Suite 2300
One S.E. Third Avenue
Miami, Florida 33131
(305) 358-2800 / Fax (305) 358-2382

/s/ Kristina Infante
Steven C. Marks, Esq.
Fla. Bar No. 516414
smarks@podhurst.com
Kristina Infante, Esq.
Fla. Bar No. 112557
kinfante@podhurst.com
laja@podhurst.com
asanjenis@podhurst.com

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.    2019ca4657o

MARASON QUASHIE, as Personal
Representative of the Estate of NORMA
WHITFIELD-QUASHIE, deceased,

           Plaintiff,

vs.

EMIRATES, INC., a foreign corporation,

           Defendant.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

EMIRATES INC.
BY SERVING ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324

each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Podhurst Orseck, P.A.
One SE Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before service on

Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      WITNESS my hand and the seal of this Court on <u>      April 17              </u>, 2019.

                  Civil Division
                  425 N. Orange Avenue
                  Room 350
                  Orlando, Florida 32801

Clerk of the Circuit Court
TIFFANY MOORE RUSSELL, Clerk

By:_____
      Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2019-CA-4657-O

MARASON QUASHIE, as Personal Representative of the Estate of NORMA WHITFIELD-QUASHIE, deceased,

       Plaintiff,

vs.

EMIRATES, INC., a foreign corporation,

       Defendant.

_____ /

## DEFENDANT EMIRATES, INC.'S
## NOTICE OF FILING REMOVAL TO FEDERAL COURT

      The Defendant, EMIRATES, INC., hereby provides notice that a Notice of Removal in the above-styled action has been filed with the Clerk of the United States District Court for the Middle District of Florida. A true and correct copy of the Notice of Removal is attached hereto as Exhibit "A" and is being filed herewith pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

      WHEREFORE, Defendant EMIRATES, INC., respectfully requests that the above action now pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida,

be removed therefrom to this Honorable Court based on federal question and diversity jurisdiction.

Dated: July 16, 2019         Respectfully submitted,

*/s/ Clayton W. Thornton*
**Clayton W. Thornton**
Fla. Bar No. 105609
E-mail: clayton.thornton@clydeco.us
Secondary e-mail: eseervice@clydeco.us
**CLYDE & CO US LLP**
Counsel for Defendant EMIRATES, INC.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-446-2646
Fax: 305-441-2374

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that July 22, 2019, undersigned counsel electronically filed the foregoing document with the Clerk of Courts via the Florida ePortal which will send notification of such filing to STEVEN C. MARKS, ESQ., KRISTINA INFANTE, ESQ., Podhurst, Orseck, P.A., Attorneys for Plaintiff, SunTrust International Center, Suite 2300, One S.E. Third Avenue, Miami, Florida 33131 (smarks@podhurst.com; kinfante@podhurst.com; laja@podhurst.com; asanjenis@podhurst.com).

CLYDE & CO US LLP
*Attorneys for Defendant*
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
Tel. (305) 446-2646
Fax. (305) 441-2374


By: */s Clayton W. Thornton*
    **CLAYTON W. THORNTON**
    Florida Bar No. 105609
    Email: clayton.thornton@clydeco.us